UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHEILIA CHAVERS and SHAWNA CHAVERS                                           PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:13CV-280-S

SAFEWAY INSURANCE COMPANY OF ALABAMA                                          DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Safeway Insurance Company of Alabama, to dismiss this action seeking coverage under a motor vehicle insurance policy issued to the driver of a vehicle in which plaintiff Sheilia Chavers was a passenger.

The plaintiffs, Sheilia and Shawna Chavers,[1] filed suit in the Jefferson County, Kentucky, Circuit Court against Safeway for injuries allegedly suffered by Sheilia Chavers in a motor vehicle accident involving a vehicle operated by non-party Monet Russell. The plaintiffs have not obtained a judgment of liability with respect to this accident.

Safeway filed the present motion to dismiss in the state court. It then removed the action to this court under our diversity jurisdiction. Kentucky law thus applies in determining whether the complaint states a viable claim. The plaintiffs have failed to file a response to the motion despite being provided a period of time to do so by Order of this court. (DN 7).

As explained in *Morell v. Star Taxi*, 347 Fed.Appx. 54, 2009 WL 2526158 (6th Cir. Aug. 20, 2009), "Kentucky is not a 'direct action' jurisdiction." *State Auto Mut. Ins. Co. v. Empire Fire &*

---

[1] Sheilia Chavers was a minor at the time of the accident. Shawna Chavers is her mother.

*Marine Ins. Co.,* 808 S.W.2d 805, 807-08 (Ky. 1991); *Cuppy v. Gen. Accident Fire & Life Assur. Corp.*, 378 S.W.2d 629, 632 (Ky. 1964). This means that except in the case of insolvency or bankruptcy, an injured person has no direct right of action against an insurance company until after a judgment has first been obtained against an insured. *Cuppy,* 378 S.W.2d at 632*; Ford v. Ratliff,* 183 S.W.3d 199, 203 & n. 10 (Ky.Ct.App. 2006)*. See also, Chambers v. Ideal Pure Milk Co.*, 245 S.W.2d 589, 591 (Ky. 1952); *Kentucky Hosp. Ass'n Trust v. Chi. Ins. Co.*, 978 S.W.2d 754, 755-56 (Ky.Ct.App. 1998)(stating that "[a]n insured must become legally obligated to pay pursuant to terms of the insurance contract")." The plaintiffs lacks standing to bring a direct action against Safeway. Therefore, the complaint must be dismissed.

    A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**

May 16, 2013

                                    **Charles R. Simpson III, Senior Judge**
                                    **United States District Court**